

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL WEATHER PRODUCTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>FUBU RADIO INC.,<br><br>Defendant. | Case No.: 1:25-cv-02777-RA<br><br>Hon. Ronnie Abrams |

### STATEMENT OF DAMAGES

Plaintiff Global Weather Productions LLC ("*Plaintiff*"), by and through its undersigned attorneys, respectfully submits the instant Statement of Damages in support of its motion for entry of default judgment against the named defendant, Fubu Radio Inc. ("*Defendant*"), pursuant to Fed. R. Civ. Pro. 55(b) and Local Civil Rule 55.2(c).

**Statutory Damages**

1. In this action, Plaintiff seeks an award of statutory damages, rather than actual damages.

2. Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because Plaintiff's video (the "*Video*") was registered within three months of its first publication. See 17 U.S.C. § 412(2).

3. Here, the effective date of Plaintiff's copyright registration bearing number PA 2-489-860 is August 2, 2024, the date of the Video's first publication is July 2, 2024 and the date of the unauthorized use is July 4, 2024, thereby qualifying the infringements thereof for statutory

damages under 17 U.S.C. § 504(c), which similarly entitles Plaintiff to recover costs and attorneys' fees under 17 U.S.C. § 505.

4.   For Defendant's violation(s) of 17 U.S.C. § 501, Plaintiff asks the Court to award it the sum of $30,000.00 in civil penalties (comprising less than the maximum statutory award for an intentional infringement), as a deterrent to Defendant and others insofar as Defendant's infringements of Plaintiff's copyright was willful.

5.   The factual support for this demand is set forth in the Complaint filed in this action, which allegations are to be accepted as true due to Defendant's default (*Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)), as well as in the accompanying Declaration of Michael Brandon Clement, and Plaintiff respectfully incorporates those factual allegations by reference, rather than by repetition, Plaintiff further refers the Court to the exhibits to the contemporaneously filed Declarations of Michael Brandon Clement and Dina Nouhian, Esq.

6.   The legal authority for such awards is set forth in the contemporaneously filed Memorandum of Law, and Plaintiff incorporates such authority by reference, rather than by repetition.

**Attorneys' Fees**

7.   In addition to its request for an award of statutory damages, Plaintiff seeks an award of attorneys' fees pursuant to 17 U.S.C. § 505.

8.   Plaintiff seeks an award of attorneys' fees in the amount of $10,991.00. The factual support for Plaintiff's request for an award of attorneys' fees is set forth in the accompanying Declaration of Dina Nouhian, Esq., and Plaintiff refers the Court to that document, as well as Exhibit 4 thereto, for a narration of the hours spent by each attorney and paraprofessional for which compensation is sought, together with each such person's billing rate.

9. The legal support for Plaintiff's request for an award of attorneys' fees is set forth in the contemporaneously filed Memorandum of Law, and Plaintiff incorporates such authority by reference, rather than by repetition.

10. As for the factual predicate, Craig B. Sanders is the founding member of Sanders Law Group and has more than thirty-two (32) years of experience in handling complex copyright matters. Mr. Sanders' regular billing rate is $895.00. Senior associate Jonathan M. Cader is a graduate of the St. John's University School of law and has maintained a focus on intellectual property law since his admission to practice in May of 2007. Mr. Cader's regular billing rate is $600.00. Associate Dina Nouhian is a graduate of New York Law School and was admitted to practice law in the State of New York in 2013. Over the past decade, Ms. Nouhian maintained a focus on Commercial Litigation and is now applying that practice and knowledge to intellectual property matters, including copyright. Ms. Nouhian's regular billing rate is $500.00. Julie Busch is a paralegal employed by the Firm and her regular billing rate is $150.00.

11. The undersigned Firm is staffed by attorneys with extensive experience in copyright litigation and the fees charged by the individual attorneys employed by the Firm are consistent with rates regularly approved by Courts in this District and throughout the Country for similarly qualified counsel.

12. The case was not necessarily desirable, to the extent that the fee arrangement was contingent. Finally, if the Court enters the requested judgment, which Plaintiff believes it should, it will have been completely successful in this action, further supporting the request for an award of attorneys' fees. Here, Plaintiff has adequately supported its claims for attorneys' fees by submitting an attorney declaration, contemporaneous time records, and a statement regarding the attorneys' individual billing rates, which are consistent with the local market for legal services in

the field of copyright litigation.

**Costs**

13. In addition to the above, Plaintiff seeks to recover the costs of this action, which include both the filing fee and the costs of the process server(s).

14. With respect to costs, the Court may take judicial notice of the $405.00 filing fee. "Filing fees are recoverable without supporting documentation if verified by the docket." *de Los Santos v. Marte Constr., Inc.*, No. 18CV10748PAEKHP, 2020 WL 8549054, at *10 (S.D.N.Y. Nov. 25, 2020), report and recommendation adopted, No. 18CIV10748PAEKHP, 2020 WL 8549055 (S.D.N.Y. Dec. 17, 2020).

15. With respect to costs associated with the process server fees in the amount of $460.00, Plaintiff refers the Court to Exhibit 7 to the accompanying Declaration of Dina Nouhian as the factual support for such claim, and to the contemporaneously filed Memorandum of Law for the legal support.

Dated: June 25, 2025

Respectfully Submitted:

**SANDERS LAW GROUP**

By: */s Dina Nouhian*
Dina Nouhian, Esq.
333 Earle Ovington Blvd. Ste. 402
Uniondale, NY 11553
(516) 203-7600
dnouhian@sanderslaw.group
*Counsel for Plaintiff*

4